WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels (PAM-5018)
     Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOSEPH A. POGGIOLI,                                           :

              Plaintiff,                        :   07 CIV. 6674(CLB)

  -against-                                                   :
                                                                 **ANSWER**
PATRICK J. CARROLL, and the CITY OF NEW                       :
ROCHELLE, New York,
                                                              :
              Defendants.
------------------------------------------------------------- x

      Defendants Patrick J. Carroll ("Carroll") and the city of New Rochelle (the "City") (collectively, the "Defendants"), by their undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their answer to plaintiff Joseph A. Poggioli's complaint (the "Complaint"), allege as follows:

### Nature of the Action

      1.    Deny any allegations contained in Paragraph 1 of the Complaint, and respectfully refer all questions of law to the Court.

### Jurisdiction

      2.    Deny any allegations contained in Paragraph 2 of the Complaint, and respectfully refer all questions of law to the Court.

### The Parties

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, except admit that plaintiff Joseph A. Poggioli ("Plaintiff") was a member of the New Rochelle Police Department.

4. Deny knowledge or information or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, except admit that Patrick J. Carroll is Commissioner of Police of the City of New Rochelle.

5. Deny the truth of the allegations contained in Paragraph 5 of the Complaint, except admit that the City is a municipal corporation existing pursuant to the laws of the state of New York.

### The Facts

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff filed a civil rights action entitled *Poggioli v. Murphy*, 06 Civ. 12893(CLB)(the "2006 Lawsuit").

7. Deny the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Deny the truth of the allegations contained in Paragraph 8 of the Complaint, except admit that an independent hearing officer recommended that Plaintiff be terminated.

9. Deny the truth of the allegations contained in each and every part of Paragraph 9 of the Complaint, except admit that Plaintiff's employment was terminated on or about July 20, 2007.

10. Deny the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Deny the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Repeat and reallege as if fully set forth the responses contained in Paragraphs "1" to "11."

13. Deny the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Repeat and reallege as if fully set forth the responses contained in Paragraphs "1" to "13."

15. Deny the truth of the allegations contained in Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Patrick J. Carroll is entitled to immunity from suit under the doctrines of qualified and absolute immunity.

### Third Affirmative Defense

3. Plaintiff did not engage in constitutionally-protected speech in filing or prosecuting the 2006 Lawsuit.

### Fourth Affirmative Defense

4. Plaintiff's filing and/or prosecuting the 2006 Lawsuit was not a motivating factor in any alleged adverse employment action directed at Plaintiff.

### Fifth Affirmative Defense

5. Any actions taken by the defendants directed at Plaintiff would have been taken regardless of Plaintiff's filing and/or prosecuting the 2006 Lawsuit.

### Sixth Affirmative Defense

6. Plaintiff was not treated differently from other individuals similarly situated.

WPDOCS01 1669498v.1

**Seventh Affirmative Defense**

7. Assuming, *arguendo,* that Plaintiff was treated differently from other individuals similarly situated, as alleged in the instant action, any such disparate treatment was not based on an impermissible consideration.

**Eighth Affirmative Defense**

8. If, as alleged, Plaintiff's civil rights were violated by any employees of the City, such injury did not result from any practice, custom or policy of the City or as the result of a determination made by any policy-making official.

WHEREFORE, Defendants demand judgment as follows: (a) dismissing the Complaint with prejudice; and (b) for the costs, disbursements and attorney's fees incurred in the defense of this action.

Dated: White Plains, New York
August 17, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants

By: Peter A. Meisels  (PAM-5018)

3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
File No. 07367.0006

4

WPDOCS01 1669498v.1