WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels (PM-5018)
      Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
JOSEPH A. POGGIOLI,                :

                        07 CIV. 6674 (CLB)

          Plaintiff,       :

                        **DEFENDANTS'**

   -against-         :      **RULE 56.1 STATEMENT**

PATRICK J. CARROLL, and the CITY OF NEW    :
ROCHELLE, New York,

                                :

          Defendants.
-------------------------------------------------------------------- x

      Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendants Patrick J. Carroll and the City of New Rochelle (collectively, the "Defendants") hereby submit the following statement of material facts as to which they contend there are no genuine issues to be tried. This Rule 56.1 Statement is submitted in support of the Defendants' motion for summary judgment brought pursuant to the procedures set forth in paragraph 3(d) of the Civil Case Discovery Plan and Scheduling Order, entered on October 5, 2007.

### The Parties

    1.    Plaintiff Joseph A. Poggioli ("Poggioli") is a former member of the New Rochelle Police Department ("NRPD"). *See* Complaint, at ¶3. A copy of the complaint

1837003.1

in the instant action is annexed hereto as Exhibit A.[1]

2.      Defendant Patrick J. Carroll currently serves, and at all relevant times has served, as the Commissioner of Police of the NRPD. Complaint (Ex. A), at ¶4.

3.      Defendant City of New Rochelle is a municipal corporation created by and duly existing under the laws of the state of New York. Complaint (Ex. A), at ¶5.

**Pertinent Facts and Procedural History**

<u>The 1994 Litigation</u>

4.      On or about November 16, 1994, Poggioli initiated a federal lawsuit in this Court entitled: *Joseph A. Poggioli, Jr. v. Patrick J. Carroll, individually and as Police Commissioner of the City of New Rochelle, Dominic Capio, individually and as a Lieutenant in the Police Department of the City of New Rochelle, Anthony Murphy, individually and as a Captain in the Police Department of the City of New Rochelle, Joseph F. Schaller, individually and in his capacity as a Captain in the Police Department of the City of New Rochelle, Police Officer John Doe and/or Mary Roe individually, the City of New Rochelle, New York and Joseph Mattone, individually,* 94 CIV 8313 (BDP)(MDF) (the "1994 Action"). A copy of the complaint in the 1994 Action is annexed as Exhibit B.

5.      Poggioli was first employed as a police officer with the NRPD in or about 1980. Ex. B, at ¶3.

6.      In the 1994 Action, Poggioli alleged that his Fourth Amendment rights were violated when a person or persons broke into his departmental locker. Ex. B, at ¶8.

7.      On or about November 16, 1996, a jury returned a verdict in Poggioli's favor, awarding compensatory and punitive damages. *See* Poggioli's Counterstatement

---

[1] All exhibits referenced herein are annexed to the accompanying declaration of Lalit K. Loomba, Esq.

Pursuant to Rule 56.1, dated April 2, 2007 ("Poggioli's Rule 56.1 Counterstatement"), at ¶10. A copy of Poggioli's Rule 56.1 Counterstatement is annexed as Exhibit C.

8. On May 20, 1997, the district court (Parker, J.) found the punitive damages award to be excessive and ruled that the Poggioli could either accept a reduced award or elect to have a new trial. Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶11.

9. The 1994 Action was thereafter settled. Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶12.

The 2006 Litigation

10. On November 3, 2006, Poggioli commenced an action in this Court entitled *Joseph A. Poggioli v. Anthony Murphy, Individually, Kevin Kealy, individually, Patrick J. Carroll, individually, Myron Joseph, individually, and the City of New Rochelle*, 06 Civ. 12893 (CLB) (the "2006 Action"). A copy of the complaint in the 2006 Action is annexed hereto as Exhibit D. A copy of the complaint in the 2006 Action was also referenced in and physically attached to the complaint in the 2007 Action. *See* Ex. A.

11. The 2006 Action pertains to disciplinary charges preferred in connection with a special-duty detail on April 20, 2005, in which Poggioli was assigned to direct traffic for Persico Construction Corporation around a construction project located at the corner of Webster Avenue and Coligini Avenue in New Rochelle (the "Persico Assignment"). *See* Ex. D.

12. Poggioli submitted a request for 3.5 hours of overtime compensation in connection with his work on the Persico Assignment, contending that he should be

credited for working between 12:00 noon and 3:30 p.m. Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶¶31-32.

13. Based on an investigation into the facts and circumstances surrounding Poggioli's request for compensation on the Persico Assignment, the NRPD preferred disciplinary charges against Poggioli (the "Disciplinary Charges"). A copy of the Disciplinary Charges is annexed as Exhibit E.

14. The Disciplinary Charges alleged generally that Poggioli's application for compensation for the Persico Assignment was false and inaccurate. In particular, the charges alleged that Poggioli claimed to have started the assignment at 12:00 noon when, in fact, he was still at Police Headquarters a little after 1:00 p.m. on the day in question. *See* Ex. E; *see also* Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶61.

15. Poggioli claimed in the 2006 Action that the Disciplinary Charges violated his First Amendment rights because they were preferred against him in retaliation for his bringing the 1994 Action. Ex. D, at ¶¶9-14.

16. Poggioli also claimed in the 2006 Action that the Disciplinary Charges and the ensuing disciplinary proceedings constituted a selective prosecution in violation of his Fourteenth Amendment rights. Ex. D, at ¶17.

17. On March 2, 2007, the defendants in the 2006 Action -- Commissioner Patrick J. Carroll, Deputy Commissioner Anthony Murphy, Captain Kevin Kealy, Sergeant Myron Joseph, and the City -- filed a motion for summary judgment on grounds of qualified and absolute immunity, and other grounds. *See* 2006 Action Docket, at docket entries 11-15. A copy of the Docket from the 2006 Action is annexed as Exhibit F.

18. The summary judgment motion in the 2006 Action was fully submitted on April 13, 2007. Exhibit F, at docket entries 16-22.

19. On July 26, 2007, this Court (Brieant, J.) issued a Memorandum and Order granting summary judgment to Sergeant Joseph on grounds of qualified immunity, but otherwise denying the motion. A copy of the Memorandum and Order is annexed as Exhibit G.

20. In ruling on the summary judgment motion, this Court stated: "the evidence is overwhelming that [Poggioli] was in Police Headquarters until just after 1:00 PM [on April 20, 2005], and therefore could not have been on [the Persico Construction] site at 12:00 as he claimed." Ex. G, at p.3.

21. This Court further held that "[a]s for First Amendment retaliation, [Poggioli's] 1994 action in federal court is too remote in time to provide a causal connection between it and the preferring of disciplinary charges in 2005." Ex. G, at p.5.

22. Regarding the Fourteenth Amendment claim in the 2006 Action, this Court held that employees of the City Court, and the City Marshall, are not similarly situated with Poggioli. Ex. G, at p.6.

23. On August 16, 2007, the remaining defendants in the 2006 Action filed a notice of appeal from the Court's July 26, 2007 Memorandum and Order. *See* Ex. F, at docket entry No. 25.

24. The appeal from the July 26, 2007 Memorandum and Order is currently pending before the United States Circuit Court of Appeals for the Second Circuit.

The 2007 Litigation

25. The Disciplinary Charges were signed by Captain Kevin Kealy on May 19, 2005. Ex. E.

26. Prior to the preferment of the Disciplinary Charges, Poggioli was offered command discipline consisting of a 30-day suspension and 6-months prohibition from taking on special duty work. *See* Deposition of Joseph A. Poggioli, taken October 30, 2007 ("Poggioli Dep"), at 35:23-37:12. Relevant pages of the Poggioli Deposition are annexed as Exhibit H.

27. Poggioli rejected the officer of command discipline. Poggioli Dep (Ex. H), at 35:23-37:12; *see also* Ex. G, at p.3.

28. By letters dated July 18 and September 9, 2005, Commissioner Carroll appointed Robert J. Ponzini to conduct the disciplinary proceedings and issue a report and recommendation. Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶63.

29. Poggioli has no independent basis to believe that Robert Ponzini was biased against him and in favor of the City of New Rochelle. Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶64.

30. The disciplinary hearing commenced on December 15, 2005 and was held on eight separate dates, concluding on July 7, 2006. Poggioli's Rule 56.1 Counterstatement (Ex. C), at ¶65.

31. Poggioli testified at the disciplinary hearing on March 9, 2006. A copy of the transcript of his testimony is annexed as Exhibit I.

32. On April 24, 2007, Hearing Officer Ponzini issued his report and recommendation finding that the NRPD had sustained its burden on all of the charges

stemming from the Persico Assignment, and directing the parties to submit briefs on the appropriate penalty. A copy of the report and recommendation is annexed as Exhibit J.

33. On June 25, 2007, Hearing Officer Ponzini issued a separate "Penalty Recommendation," in which he recommended that the appropriate penalty was termination. A copy of the Penalty Recommendation is annexed as Exhibit L.

34. On July 20, 2007, Poggioli was terminated from his employment with the City as a Police Officer with the NRPD. Poggioli Dep. (Ex. H), at 6:16-20.

35. Poggioli filed the complaint in the instant action (the "2007 Action") on July 24, 2007. Ex. A.

36. Defendants filed an answer to the complaint in the instant action on August 17, 2007. A copy of the answer is annexed as Exhibit L.

37. This Court issued a scheduling order in the 2007 Action on October 5, 2007. A copy of the scheduling order is annexed as Exhibit M.

The Article 78

38. On November 14, 2007, Poggioli initiated an Article 78 proceeding, entitled *In re Application of Joseph Poggioli v. Patrick J. Carroll, as Commissioner of Police for the City of New Rochelle, New York and the City of New Rochelle, New York*, Index #07/23578. A copy of the notice of petition and petition is annexed as Exhibit N.

1837003.1

Dated: White Plains, New York
December 12, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants

By: Lalit K. Loomba (LL-9755)

3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
File No. 07367.00065