UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOSEPH POGGIOLI, Jr.,

                Plaintiff,        07 Civ.    (CLB)

     -against-

PATRICK J. CARROLL, individually,     COMPLAINT
and the CITY OF NEW ROCHELLE,
New York,

                Defendants.     07 CIV. 6674

FILED JUL 24 2007 USDC WP SDNY

Jury Trial Demanded

----------------------------------------------------------x

Plaintiff JOSEPH POGGIOLI, Jr., by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from Defendants' conduct as engaged in under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed him by reason of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff JOSEPH POGGIOLI, Jr. is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, prior to July 20, 2007, he had been continuously employed for in excess of twenty years as a Police Officer by the City of New Rochelle.

4. Defendant PATRICK J. CARROLL (hereinafter "Carroll"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Police Commissioner of the Defendant City.

5. Defendant CITY OF NEW ROCHELLE, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the said State.

## THE FACTS

6. On or about October 14, 2006, Plaintiff filed Poggioli v. Murphy, 06 Civ. 12893 (CLB) alleging (against amongst others Defendants Patrick J. Carroll and the City of New Rochelle) violations of his rights as guaranteed by the First and Fourteenth Amendments, 42 U.S.C. §1983. In that connection Plaintiff detailed in his complaint a series of matters of public concern including extensive corruption and criminal wrong-doing as engaged in by members of the New Rochelle Police Department and the New Rochelle City Court. A copy of that 2006 filing is annexed and incorporated herein.

7. On or about April 24, 2007, in connection with the rigged disciplinary proceeding referenced in the 2006 filing, Hearing Officer Robert J. Ponzini generated a substantially falsified and/or materially inaccurate report and recommendation finding

Plaintiff guilty of disciplinary charges. Ponzini did so in accordance with his well established and publicly known reputation for always and/or virtually always finding governmental employees guilty of whatever disciplinary charges have been leveled against them by, *inter alia*, the City of White Plains, the County of Westchester, and the City of New Rochelle. In fact by reason of his established record of convicting such employees, he was appointed to preside over the Poggioli disciplinary since the appointing authority knew that in exchange for pecuniary gain Ponzini would convict Plaintiff regardless of the evidence.

8. On or about June 25, 2007, Ponzini earned the balance of his fees from the City of New Rochelle by recommending that Plaintiff be terminated.

9. On July 20, 2007, Respondents in writing terminated Plaintiff's employment, a termination that was motivated in whole and/or substantial respect by:

   a. Plaintiff's 2006 filing and/or the substantive allegations contained in that complaint, and/or,

   b. Evidence of corruption rampant in the City's government, including its Court and Police Department, as adduced by Plaintiff during the disciplinary proceeding as presided over by Ponzini.

10. Members of the Police Department who have engaged in criminal wrong doing on the job (as known by Defendants and identified during Plaintiff's disciplinary hearing) as well as other members of the Department who wholesale violated and continue to violate the federal civil rights of the only Police Officer of Middle Eastern descent employed by the City have neither been subjected to formal disciplinary charges

nor terminated from the City's employ. Instead that criminal misconduct and those civil rights violations have been encouraged, condoned and ratified by Defendants.

11. As a proximate result of Defendants' retaliatory and selective conduct Plaintiff has been caused to suffer: substantial pecuniary losses and lost benefits; public humiliation; public embarrassment; shame; anxiety; destruction of his professional career; emotional upset; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

13. Under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

15. Under the premises Defendants violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against Defendant Carroll such punitive damages as the jury may impose,

    b. Awarding against both Defendants such compensatory damages as the jury may determine,

c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
July 24, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____ District of _____NEW YORK_____

JOSEPH A. POGGIOLI,

      Plaintiff,      SUMMONS IN A CIVIL ACTION

 -against-

ANTHONY MURPHY, individually, KEVIN KEALY,    Case No.
individually, PATRICK J CARROLL, individually, MYRON
JOSEPH, individually, and the CITY OF NEW ROCHELLE, **06 CIV 12893**
New York,

      Defendants

**BRIEANT**

TO: (Name and Address of Defendant)

Anthony Murphy, City of New Rochelle Police Department, 475 North Avenue, New Rochelle, NY

Kevin Kealy, City of New Rochelle Police Department, 475 North Avenue, New Rochelle, NY

Patrick J. Carroll, City of New Rochelle Police Department, 475 North Avenue, New Rochelle, NY

Myron Joseph, City of New Rochelle Police Department, 475 North Avenue, New Rochelle, NY

The City of New Rochelle, New York, City Hall, 515 North Avenue, New Rochelle, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**  NOV - 3 2006
_____
CLERK         DATE

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JOSEPH A. POGGIOLI,

                Plaintiff,

     -against-

ANTHONY MURPHY, individually, KEVIN
KEALY, individually, PATRICK J. CARROLL,
individually, MYRON JOSEPH, individually,
and the CITY OF NEW ROCHELLE, New York,

                Defendants.

---------------------------------------------------------------x

FILED
NOV 03 2006
USDC WP SDNY

06 Civ.

COMPLAINT

06 CIV 12893

Jury Trial Demanded

BRIEANT

     Plaintiff JOSEPH A. POGGIOLI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from Defendants' conduct, engaged in under color of New York State law pursuant to a common retaliatory plan, that violated Plaintiff's rights as guaranteed by reason of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a Police Officer by the Defendant City.

4. Defendant ANTHONY MURPHY (hereinafter "Murphy"), who is sued in his personal and individual capacities, at all times relevant to this complaint was employed by the Defendant City as Deputy Commissioner of Police except as otherwise referenced *infra*.

5. Defendant KEVIN KEALY (hereinafter "Kealy"), who is sued in his personal and individual capacities, at all times relevant to this complaint was employed by the Defendant City as a police Captain.

6. Defendant PATRICK J. CARROLL (hereinafter "Carroll"), who is sued in his personal and individual capacities, at all times relevant to this complaint was employed by the Defendant City as Commissioner of Police.

7. Defendant MYRON JOSEPH (hereinafter "Joseph"), who is sued in his personal and individual capacities, at all times relevant to this complaint was employed by the Defendant City as a police Sergeant assigned to the Traffic Division.

8. Defendant CITY OF NEW ROCHELLE, New York (hereinafter "City") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

9. In 1994 Plaintiff filed in this Court a civil rights action alleging *inter alia* a violation of his Fourth Amendment rights by Carroll, Murphy (then a police Captain), the City of New Rochelle, and other high ranking members of the City's Police Department. Poggioli v. Carroll, 94 Civ. 8313 (BDP)(hereinafter "Poggioli I"). Evidence adduced at trial in that action demonstrated that the Defendants in Poggioli I intentionally destroyed Plaintiff's personal property, broke into his departmental locker, and unlawfully reviewed/copied Plaintiff's privileged notes of a meeting he had with his then PBA attorney. None of the Defendants in Poggioli I was arrested, prosecuted and/or subjected to disciplinary action for their unlawful conduct.

10. On November 26, 1996, a jury verdict was entered in Plaintiff's favor in the amount of $155,000 in compensatory and punitive damages as a result of which Murphy and Carroll were both infuriated and determined to retaliate against Plaintiff in the event an opportunity arose to do so.

11. In April of 2005 that opportunity arose on the basis of a complaint made by Joseph to Kealy regarding an incident where Poggioli was accused of having submitted an overtime slip for an off-duty police assignment for approximately one hour of time that he claimed to have worked but which Joseph, Kealy, Murphy and Carroll collectively agreed to accuse him of not working.

12. In that connection the amount of money in controversy was approximately $67, a portion of which Defendants knowingly retained (despite their allegation that the private sector contractor [Persico Construction] who paid for the services Poggioli

3

claimed to have worked should not have paid that money to the City at all) for expenses incurred in the Police Department. The balance of that sum was paid by Defendants to Plaintiff - - notwithstanding their allegation that he was not entitled to be paid.

13. Based upon the events referenced in the preceding paragraphs "11" and "12", Defendants in or about May of 2005 entered into an agreement to retaliate against Poggioli for having previously successfully sued Carroll, Murphy and *inter alia* the City.

14. In furtherance of that plan and on May 19, 2005, Kealy preferred against Plaintiff civil service disciplinary charges accusing him of having submitted the referenced overtime request for time that he allegedly did not perform services.

15. In that connection: a) Defendants agreed to retain the services of a "hearing officer" well known in the legal community to not only always rule in favor of the municipal corporation paying his fees but to actually fabricate evidence to bolster his findings of "fact"; and b) both Joseph and Kealy agreed with their co-defendants to testify against Plaintiff with a view towards terminating his employment.

16. Over a period of months Defendants then prosecuted, at a cost of substantially in excess of $50,000, the retaliatory disciplinary proceeding having pre-determined that Plaintiff will be found guilty and terminated from the City's employ. During the course of that prosecution Kealy was overheard by the President of the City's PBA discussing in a hallway a self-evident dilemma they faced - - how to explain prosecuting Plaintiff for requesting overtime money for time allegedly not worked when numerous Police Officers routinely engaged in the same conduct with respect to which Plaintiff stands accused.

17. In engaging in that retaliatory plan Defendants knowingly and deliberately failed to take law enforcement action, with respect to on-going criminal wrongdoing that

permeated both the Police Department and the New Rochelle City Court (claimed by the City to be one of its "Departments"). As a result:

    a. Police Detective Robert D'Andrea was not arrested, criminally prosecuted, and/or terminated by reason of disciplinary action for stealing evidence (a computer) from the Department's Property Clerk's Office and when caught discarding the evidence in the garbage. Subsequently D'Andrea, who was recruited by Defendants to testify against Plaintiff in the disciplinary proceeding, was reassigned as the Department's Communications Supervisor in charge of intra-departmental security systems.

    b. The City Marshall, an attorney, openly operates a private law practice out of the Courthouse using, at taxpayers' expense, on-duty City and State employees' services to draft his private clients[ wills and contracts for the sale of real property -- stealing in that process government-owned paper, copiers, computer equipment, and other office supplies.

    c. One female employed in the Court Clerk's Office openly and admittedly has repeated engaged with impunity in the felonious sale of controlled substances (Vicodin and Valium) in that Office to other employees.

    d. That same female while working in the Clerk's Office has also openly and admittedly engaged with impunity in felony possession of controlled substances (Vicodin and Valium) that had been feloniously sold to her by certain of her co-workers.

    e. That female employee's multiple co-workers, who have under oath been identified by name as having engaged in the felony sale of controlled substances to that

female, have neither been arrested, prosecuted nor subjected to disciplinary charges with a view towards termination.

  f. Another female employee working in the City Court Clerk's Office has openly and admittedly engaged in grand larceny, stealing in excess of $3,000 from funds received by and belonging to the Court - - later bragging in testimony that she was "never charged" with that theft,

  g. A police Detective repeatedly tampered with Plaintiff's security door access card for the Police Department, disabling the card and preventing Plaintiff from entering Headquarters. Although that conduct constituted a crime, no arrest, criminal and/or disciplinary prosecution resulted, and *inter alia*,

  h. A male Court Officer employed in the City Court has also openly and admittedly engaged in the same grand larceny - - committed with his now-fiancé - - as a result of which he was never arrested, charged and/or brought up on disciplinary charges with a view towards determination,

  18. As a proximate result of Defendants' conduct Plaintiff has been: subjected to retaliation for having engaged in constitutionally protected speech; selectively prosecuted; caused to suffer pecuniary losses; publicly humiliated; publicly embarrassed; suffered irreparable damage to his professional career and reputation; rendered anxious; emotionally upset; and otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

20. Under the premises Defendants' intentional conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

22. Under the premises Defendants' intentional conduct violated Plaintiff's right to Equal Protection as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE judgment is respectfully demanded:

   a. Awarding on the First and Second Claims as against the individually named Defendants such punitive damages as the jury may impose,

   b. Awarding on the First and Second Claims as against all Defendants such compensatory damages as the jury may determine,

   c. Awarding reasonable costs and attorney's fees, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      October 13, 2006

                                LOVETT & GOULD, LLP
                                Attorneys for Plaintiff
                                By: _____
                                     Jonathan Lovett (4854)
                                222 Bloomingdale Road
                                White Plains, New York 10605
                                914-428-8401