UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH A. POGGIOLI,

                Plaintiff,

    - against -

ANTHONY MURPHY, Individually;
KEVIN KEALY, Individually;
PATRICK J. CARROLL, Individually;
MYRON JOSEPH, Individually;
CITY OF NEW ROCHELLE, N.Y.,

                Defendants.
------------------------------------------------------------x

06 Civ. 12893 (CLB)

*Memorandum and Order*

Brieant, J.

Before the Court in this First and Fourteenth Amendment civil rights action (for First Amendment retaliation and denial of equal protection) is a Motion for Summary Judgment (Doc. 11) based on absolute immunity and/or qualified immunity.

Plaintiff complains that the qualified immunity motion was filed properly in accordance with the Court's Scheduling Order, but that it is premature because although Plaintiff was deposed, Plaintiff has not conducted reasonable discovery, including depositions of the Individual Defendants. This argument is of no avail, since the Court's resolution of the motion assumes the truthfulness of the Plaintiff's deposition testimony, except to the extent, if any, of facial absurdity.

*Background*

1

Plaintiff was at relevant times a police officer for the City of New Rochelle ("the City"). Defendant Anthony Murphy served at relevant times as Deputy Commissioner of Police. Defendant Kevin Kealy was employed at relevant times as a Police Captain in the City. Defendant Patrick J. Carroll was at relevant times the Commissioner of Police of the City of New Rochelle, which is also sued as the employer. Defendant Myron Joseph was a Police Sergeant assigned to the Traffic Division.

In 1994, Plaintiff successfully sued two of the current Defendants, Commissioner Carroll and Deputy Commissioner Murphy (then a police Captain of New Rochelle), for Fourth Amendment civil rights violations, including breaking into his departmental locker and reviewing privileged notes from a meeting with his PBA attorney. In November 1996, he received a jury verdict of $155,000, of which the punitive damages were set aside as excessive, and a new trial ordered after Plaintiff declined to reduce them (94 civ 8313 (BDP)). *Meisels Aff. Exh. C.* The parties thereafter settled for an agreed payment understood to be in the neighborhood of $100,000.00.

On the morning of April 20, 2005, Plaintiff was called at his home and asked if he wanted to fill a special-duty detail for a private entity Persico Construction, at which he would direct traffic around a construction project at the intersection of Webster and Coligni Avenues in New Rochelle. He responded that he would. At some point on April 20, 2005, Defendant Sergeant Joseph received one or more telephone messages complaining about the traffic conditions at the intersection of Webster and Coligni, and at about 2:15 PM, he went to inspect

2

the intersection, observed that construction had ceased, and he spoke to the foreman. The foreman told Joseph that Plaintiff did not arrive at the site until after 1:00 PM. Joseph checked the special assignment duty log for April 20, 2005, and noted that Poggoli signed out at 12:00 Noon, and he informed Captain Kealy, first orally, and later by memorandum.

Captain Kealy preferred disciplinary charges against Plaintiff for having wrongfully sought and received compensation in the amount of $67.00 for an off-duty assignment. The charges dated May 19, 2005, were for Six Counts of Misconduct stemming from Plaintiff's submission of an overtime request in which he claimed to have worked from 12:00 noon until 3:30 PM on April 20, 2005, on the special police detail at the Persico construction site in New Rochelle; the evidence is overwhelming that Plaintiff was in Police Headquarters until just after 1:00 PM that day, and therefore could not have been on site at 12:00 as he claimed. Defendants note that after submitting a false claim, Plaintiff refused to acknowledge the falsity and refused an offer to accept discipline (30 day suspension without pay and a 6-month suspension from special-duty details), in settlement of the charges.

Hearings were conducted from December 2005 through July 2006. On April 24, 2007, Hearing Officer Robert Ponzini presented a Report and Recommendation to Captain Kevin Kealy, in which he found that Plaintiff did not start working on that detail until some time after 1:00 PM. He found that the allegations in the six counts were sustained by substantial evidence. On July 25, 2007, Plaintiff was discharged from his employment by the City.

3

Plaintiff claims that the disciplinary charges were brought to retaliate against him for bringing the 1994 lawsuit, and proposes to amend his Complaint, also to claim retaliation for giving speeches before the New Rochelle City Council when he served as PBA president, as recently as 2004. He also claims that other officers who have committed similar or worse offenses have not been treated as severely by being brought up on disciplinary charges. Plaintiff claims that the Defendants harbored intent to retaliate against Plaintiff for more than a decade and that they waited for the right set of circumstances to do so. *Oppos. at 11.*

Defendants claim that absolute immunity attaches to officers who report wrongdoing, initiate disciplinary hearings or testify at such hearings. While this is so, the Court declines to rule on the issue of absolute immunity, since as Plaintiff correctly points out, the scheduling order filed January 5, 2007 states that the qualified immunity motion "shall, in the absence of agreement of counsel, be limited to the issue of qualified immunity." *Scheduling Order at 1.*

Defendants alternatively claim that they are protected by qualified immunity, that Plaintiff cannot show that any protected speech activity substantially motivated the Defendants to make an adverse employment decision, nor that he was treated worse than any other police officer similarly situated.

*Qualified Immunity*

A public official is entitled to qualified immunity for acts taken in his or her official capacity, unless those acts violated clearly established Constitutional rights of which an

4

objectively reasonable official would have been aware. *See Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211-12 (2nd Cir. 2003). The analysis is three-part. First, the Court must decide whether the plaintiff has alleged a violation of a Constitutional right. Second, the right alleged must have been clearly established at the time of the violation. Finally, the official will receive immunity if his or her actions were objectively reasonable. *Id. at 212*. Accepting plaintiffs' version of the facts as true, if a reasonable official would have believed that he or she was not violating plaintiffs' Constitutional rights, the Court should find qualified immunity. *See Bizzarro v. Miranda et. al.*, 394 F.3d 82, 86 (2nd Cir. 2005). "If plaintiffs' version of the facts reveals that the officials could reasonably have believed they were not violating plaintiffs' constitutional rights, [a] district court should [grant a] motion for summary judgment." *Id.* at 86.

Qualified immunity protects defendant Joseph who had a duty to report the result of his investigation, and did so truthfully. He was not a decision maker with respect to the alleged retaliation. Based on his receipt of the messages regarding the construction site traffic problems, his follow up and report to the Captain were reasonable and it was objectively reasonable for him to believe that in doing so he was not violating Plaintiff's clearly established constitutional rights. Accordingly, the motion for summary judgment as to Defendant Joseph is granted.

As for First Amendment retaliation, Plaintiff's 1994 action in federal court is too remote in time to provide a causal connection between it and the preferring of disciplinary charges in 2005. Plaintiff did not specifically allege speech on matters of public concern during his tenure as PBA President ending December 31, 2004, but seeks leave to so amend the Complaint. In his

5

deposition, Plaintiff testified:

> Numerous times as PBA president I publicly went on television, radio, and in front of city council chambers and criticized the police department, police commissioner, for numerous things during contract negotiations, labor disputes, problems within the police department. It was public, it was aired on television on several stations, radio stations, in the paper, through the citizens, council chambers.

*Poggioli p. 72.*

Plaintiff does not make a proffer as to what the content of his public speech was. Leave to amend the Complaint to do so is granted. However, any such allegations must reflect discussion of matters of public concern, and must be close in time to the alleged retaliation.

*Unequal Treatment and Selective Prosecution*

The Complaint alleges that the City has not held other employees accountable for other types of offenses such as a Clerk's Office employee selling drugs and the City Marshal who is an attorney, using public property and resources to run a private law practice. Such individuals are not similarly situated for purposes of Plaintiff's equal protection claim, but in his disciplinary hearings and depositions, he claimed that he and another officer, Officer Young, had previously submitted overtime sheets for work from 9:00AM to 6:00 PM, when they worked only from about 9:15 to 5:45.....and in his deposition, Plaintiff claimed that Officers Colotti, Pitsel and Vasquez were paid for off-duty work which they didn't perform.

This Court concludes that as to the individual Defendants other than Myron Joseph, the issue of qualified immunity is too fact intensive to be resolved on the present record, and must

6

await a trial.

Plaintiff may serve and file and amended complaint within thirty (30) days, if so advised, which may set forth any First Amendment protected statements made by Plaintiff in his work as PBA President, relied on as a motive for retaliation, and also to allege instances of unequal treatment or selective prosecution, which will be relied on.

The Court declines to make the finding contemplated by Rule 54(b) Fed.R.Civ.P. at this time.

A status conference with counsel shall be held on October 26, 2007, which conference shall also extend to *Poggioli v. Carroll*, 07 Civ. 6674.

X

                X

                          X

                                  X

SO ORDERED.

7

Dated: White Plains, New York
July 26, 2007

*Charles L. Brieant*
Charles L. Brieant, U.S.D.J.

8