SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------x

In the Matter of the Application of JOSEPH POGGIOLI,

                Petitioner,

For a Judgment and Order Pursuant to Article 78 of the
New York State Civil Practice Law and Rules,

                -against-

PATRICK J. CARROLL, as Commissioner of Police
for the City of New Rochelle, New York, and the
CITY OF NEW ROCHELLE, New York,

                Respondents.

------------------------------------------------------------------x

Index #:07/23578

NOTICE
OF
PETITION

RECEIVED

Hon:   NOV 14 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

PLEASE TAKE NOTICE that upon the annexed petition duly verified on November 12, 2007, by Joseph Poggioli and the return to be filed herein Petitioner will make application to the Supreme Court, County of Westchester, at and IAS Part (Room    ) at the Courthouse, 111 Martin Luther King, Jr. Boulevard, White Plains, New York, at 9:30 A.M. on the 21st day of December 2007, for an order transferring this proceeding to the Appellate Division, Second Department on a substantial evidence question, and upon transfer for a judgment and order nullifying a July 20, 2007, final administrative determination by reason of which Petitioner was terminated by the New Rochelle Commissioner of Police from the employ of the City of New Rochelle, reinstating him retroactive to that date with an award of back pay and such other and further benefits as would have accrued to him but for his termination of employment, and granting such other and further relief as to the Court seems just and proper.

1

11/16/2007 16:22 FAX 914 6542345    TCNR LAW    → MEISELS PETER    ☒003
914 6542345

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2214 answering papers, if any, are required to be either in-hand served upon the undersigned no less than seven (7) days prior to the return date or, in the event that such papers are served by mail, the additional time required for mail service as provided by the CPLR shall be added to that seven day period.

Dated: White Plains, New York
    November 13, 2007

LOVETT & GOULD, LLP
By: _____
Attorneys for Petitioner
222 Bloomingdale Road
White Plains, New York 10605
914-428-8401

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------x

In the Matter of the Application of JOSEPH POGGIOLI,

                       Petitioner,         Index No: 07/

For a Judgment and Order pursuant to Article 78
of the New York State Civil Practice Law and Rules,

          -against-                      **VERIFIED PETITION**

PATRICK J. CARROLL, as Commissioner of
Police for the City of New Rochelle, and the
CITY OF NEW ROCHELLE, New York,      Hon.

                       Respondents.

-----------------------------------------------------------x

RECEIVED
NOV 14 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Petitioner JOSEPH POGGIOLI, by his attorneys Lovett & Gould, LLP, for his petition respectfully states:

### NATURE OF THE ACTION

1. This is a special proceeding brought pursuant to Article 78 of the Civil Practice Law and Rules for an order transferring this case to the Appellate Division, Second Department on a question of substantial evidence and upon transfer for a judgment and order: a) nullifying, vacating, and otherwise setting aside as unlawful, arbitrary, and capricious a July 20, 2007, final administrative determination pursuant to which Petitioner's employment as a Police Officer was terminated; b) directing Petitioner's retroactive reinstatement with an award of back pay and such benefits as he would have received and/or which benefits would have accrued to him but for his unlawful

1

termination; d) awarding costs and such other and further relief as to the Court seems just and proper.

## THE PARTIES

2. Petitioner JOSEPH POGGIOLI is a citizen of the United States and a domiciliary of the State of New York. At all times relevant to this petition, except as otherwise stated, he was for in excess of twenty-five years continuously employed as a Police Officer by the City of New Rochelle.

3. Respondent PATRICK J. CARRROLL (hereinafter "Carroll") is the Commissioner of Police for the City of New Rochelle, New York. In that capacity he was upon information and belief not Petitioner's "appointing authority" for purposes of Section 75 of the Civil Service Law. The City Council of the City of New Rochelle was, in fact, Petitioner's appointing authority under Section 75 of that Law.

4. Respondent CITY OF NEW ROCHELLE, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing in accordance with and pursuant to the laws of that State.

## THE FACTS

5. By disciplinary charges dated May 19, 2005, Petitioner was accused, pursuant to Civil Service Law Section 75, of violating several police departmental rules/regulations in connection with a special duty assignment that had occurred on April 20, 2005.

2

6. On December 18, 2005, Carroll purported to delegate to Robert J. Ponzini, Esq. (hereinafter "Ponzini"), a civilian and formerly disbarred attorney, the power and authority to serve as the hearing officer on the subject charges.

7. In that connection Ponzini was selected for appointment because of his well-established and well-earned reputation for:

    a. Always making recommendations in favor of the municipal corporation that has retained him and is paying for his "services" as an administrative hearing officer,

    b. Always making findings of "fact", regardless of the record evidence, against the employee who is the subject of the disciplinary charges,

    c. Routinely fabricating "evidence" and/or "testimony" so as to provide an apparent predicate for his pro-employer "findings" and recommendations, and *inter alia*,

    d. Always recommending the severity and/or degree of punishment requested by the employer.

8. Following the conduct of the at-issue disciplinary hearing, during which Ponzini from time to time was observed to be asleep, he rendered another one of his prototypical reports and recommendations, this time purporting to find Petitioner "guilty" and recommending precisely what his employing municipality had requested and paid for - - termination.

9. Adopting wholesale Ponzini's report and recommendation, Carroll terminated Petitioner's employment effective July 20, 2007.

3


/16/2007 16:23 FAX 914 6542345        TCNR LAW              → MEISELS PETER      ☒001
914 6542345

## AS AND FOR A FIRST CAUSE OF ACTION

10. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

11. Under the premises, Ponzini's retention and service as the hearing officer in this proceeding, by reason of which Petitioner's "guilt" and termination were pre-determined, violated Petitioner's right to due process.

## AS AND FOR A SECOND CAUSE OF ACTION

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

13. The final administrative determination is unsupported by substantial evidence, notwithstanding Ponzini's distortion of the "proof" and purported findings of "fact".

## AS AND FOR A THIRD CAUSE OF ACTION

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

15. Since Carroll was not Petitioner's appointing authority for purposes of Section 75, both the appointment of Ponzini and final administrative determination are void.

## AS AND FOR A FOURTH CAUSE OF ACTION

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

RECEIVED TIME   NOV. 16.   4:25PM

11/16/2007 16:23 FAX 914 6542345           TCNR LAW                → MEISELS PETER         ☒002
914 6542345

17. The institution and prosecution of the at-issue disciplinary charges was selective, resulting in an unlawful and/or constitutionally infirm final administrative determination.

### AS AND FOR A FIFTH CAUSE OF ACTION

18. Repeats and realleges as if fully set forth the allegations of fact contained inn paragraphs "1" to "9", inclusive.

19. The penalty imposed was: i) on its face excessive and/or; ii) excessive when considered in light of the selective prosecution of Petitioner.

### AS AND FOR A SIXTH CAUSE OF ACTION

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

21. During the course of the administrative disciplinary hearing Ponzini repeatedly and purposefully prohibited Respondent's defense counsel from inquiring (in connection with matters relating to potential punishment and/or selective prosecution of Petitioner) about criminal acts with respect to which co-workers had engaged with impunity and/or only trivial disciplinary consequences.

22. By reason of that prohibition, Petitioner was denied due process.

### AS AND FOR A SEVENTH CAUSE OF ACTION

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

RECEIVED TIME  NOV. 16.  4:25PM

24. During the course of the at-issue disciplinary proceeding Ponzini improperly and unfairly precluded Petitioner from calling the President of the Police Benevolent Association of the City of New Rochelle as a witness in his defense, a circumstance that denied Petitioner due process.

## AS AND FOR AN EIGHT CAUSE OF ACTION

25. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

26. Ponzini's self-serving recital to the effect that he considered, in connection with the recommendation as to penalty, the five factors required by the case law established by the Appellate Division, Second Department was false, a circumstance that denied Petitioner due process and a fair hearing.

WHEREFORE an order is respectfully requested transferring this matter to the Appellate Division, Second Department on the substantial evidence question and upon transfer for a judgment and order nullifying, vacating, and otherwise setting aside as unlawful, arbitrary, and capricious the July 20, 2007, final administrative determination pursuant to which Petitioner's employment a was terminated; c) directing Petitioner's retroactive reinstatement with an award of back pay and such benefits as he would have received and/or which benefits would have accrued to him but for his unlawful

termination; d) and granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       November 11, 2007

                                      LOVETT & GOULD, LLP
                                      By:_____
                                        Jonathan Lovett
                                      Attorneys for Petitioner
                                      222 Bloomingdale Road
                                      White Plains, N.Y. 10605
                                      914-428-8401

11/16/2007 16:23 FAX 914 6542345        TCNR LAW                    → MEISELS PETER      ☒005
                                        914 6542345

# VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF WESTCHESTER)

JOSEPH POGGIOLI, being duly sworn deposes and says: I am the Petitioner herein, I have read the foregoing petition the allegations of which are true to my personal knowledge except to the extent alleged upon information and belief and as to the latter I believe them to be true.

_____
Joseph Poggioli

Sworn to before me this
12 day of November 2007.

_____
Notary Public

JONATHAN LOVETT
Notary Public, State of New York
No. 4666713
Qualified in Westchester County
Commission Expires November 30, 20 11

8