WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:  Peter A. Meisels (PM-5018)
      Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

JOSEPH A. POGGIOLI,                    :

                                    07 Civ. 6674 (CLB)

              Plaintiff,         :

    -against-                       :

PATRICK J. CARROLL, and the CITY OF NEW    :
ROCHELLE, New York,

                            :

              Defendants.

------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Attorneys for Defendants**
**3 Gannett Drive**
**White Plains, NY 10604**
**(914) 323-7000**

1837011.1

# TABLE OF CONTENTS

**Page**

Introduction......................................................................................................1

Preliminary Statement......................................................................................1

Facts and Procedural History...........................................................................2

Argument..........................................................................................................6

      POINT I

      COMMISSIONER CARROLL IS ENTITLED
      TO QUALIFIED IMMUNITY..................................................................6

          A.     Poggioli Cannot Allege a Prima Facie First
                Amendment Retaliation Claim ................................................7

          B.     Poggioli Cannot Allege a Prima Facie Fourteenth Amendment Claim.....10

      POINT II

      THIS COURT SHOULD ABSTAIN FROM CONSIDERATION
      OF POGGIOLI'S SELECTIVE PROSECUTION CLAIM ..................................13

Conclusion......................................................................................................14

1837113.1

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page**

*African Trade & Information Center, Inc. v. Abromaitis,*
294 F.3d 355 (2d Cir. 2002)................................................................10

*Bakos v. Cornell Coop. Extension of Schenectady County,*
252 F.3d 545 (2d Cir. 2001)..............................................................8, 9

*Bizzaro v. Miranda,* 394 F.3d 82 (2d Cir. 2005)................................................11

*Bonato v. Big Brazil Found. Corp.,*
2007 U.S. Dist. LEXIS 26019, at *10 (S.D.N.Y. April 6, 2007)......................14

*Burkybile v. Board of Educ. of the Hastings-on-Hudson Union Free School Dist.,*
411 F.3d 306 (2d Cir. 2005)..............................................................8, 9

*Cioffi v. Averill Park Central School Dist. Bd. of Ed.,*
444 F.3d 158 (2d Cir. 2006)................................................................7

*Clinch v. McKenna,* 1999 U.S. App. LEXIS 10785, at *8 (2d Cir. 1999)........................13

*Cobb v. Pozzi,* 363 F.3d 89 (2d Cir. 2003) ........................................................7

*Colorado River Water Conservation Dist. v. United States,*
424 U.S. 800, 96 S. Ct. 1236 (1976)......................................................13

*Contes v. Porr,* 345 F. Supp.2d 372 (S.D.N.Y. 2004) ........................................8

*Cotarelo v. Sleepy Hollow Police Dep't,* 460 F.3d 247 (2d Cir. 2006) ..............................7

*Ezekwo v. New York City Health & Hosp. Corp.,* 940 F.2d 775 (2d Cir. 1981)...............10

*Kantha v. Blue,* 262 F. Supp.2d 90 (S.D.N.Y. 2003).........................................10

*LeClair v. Saunders,* 627 F.2d 606 (2d Cir. 1980) ............................................11

*Lennon v. Miller,* 66 F.3d 416 (2d Cir. 1995)....................................................7

*Lisa's Party City, Inc. v. Town of Henrietta,* 185 F.3d 12 (2d Cir. 1999) ........................10

*Morris v. Lindau,* 196 F.3d 102 (2d Cir. 1999) .................................................7

## TABLE OF AUTHORITIES (cont'd)

**Cases**                                                                                    **Page**

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,*
460 U.S. 1, 103 S. Ct. 927 (1983)...................................................................................13

*Poe v. Leonard,* 282 F.3d 123 (2d Cir. 2002).....................................................................6

*Reckson Operating Partnership, L.P. v. New York State Urban Dev. Corp.,*
2006 U.S. Dist LEXIS 49269, at \*18-19 (S.D.N.Y. July 12, 2006)............................10,11

*Szoke v. Carter,* 974 F. Supp. 360 (S.D.N.Y. 1997)..........................................................13

*Tasadfoy v. Ruggiero,* 365 F. Supp.2d 542 (S.D.N.Y. 2005) ........................................8, 11

*Thorpe v. Luisi,* 2005 U.S. Dist. LEXIS 15996 (S.D.N.Y. Aug. 4, 2005).........................10

*Tierney v. Davidson,* 133 F.3d 189 (2d Cir. 1998) ...............................................................6

*Yajure v. DiMarzo,* 130 F. Supp.2d 568 (S.D.N.Y. 2001)..................................................10

## Introduction

Defendants Patrick J. Carroll ("Carroll") and the City of New Rochelle ("City") (collectively, the "Defendants") respectfully submit this memorandum of law in support of their motion for summary judgment. This motion is made pursuant to the procedure set forth in paragraph 3(d) of the Civil Case Discovery Plan and Scheduling Order, entered on October 5, 2007. Carroll is entitled to qualified immunity because Poggioli cannot assert a *prima facie* violation of his First or Fourteenth Amendment rights. In the absence of a constitutional violation, the City is entitled to summary judgment as well.

## Preliminary Statement

This case is related to an action currently pending before this Court entitled *Joseph A. Poggioli v. Anthony Murphy, et al.,* 06 Civ. 12893 (CLB) (the "2006 Action"). In the 2006 Action, plaintiff Joseph A. Poggioli ("Poggioli"), a former member of the New Rochelle Police Department ("NRPD or the Department"), alleges that he was retaliated against and selectively prosecuted in violation of the First and Fourteenth Amendments when the NRPD preferred disciplinary charges (the "Disciplinary Charges") against him in connection with his claim for compensation for an off-duty traffic assignment. Poggioli commenced the 2006 Action after the close of the disciplinary hearing on the charges (the "Disciplinary Hearing"), but before the hearing officer issued his report and recommendation. The report and recommendation was issued on April 24, 2007, finding that each of the Disciplinary Charges was sustained by substantial evidence. In a separate report, the hearing officer recommended termination as the appropriate penalty. Poggioli was thereafter terminated.

1837011.1

In the instant action, Poggioli now alleges that his termination from employment constitutes retaliation and selective prosecution in violation of his First and Fourteenth Amendment rights. In particular, Poggioli alleges that he was terminated in retaliation for making the substantive allegations contained in the 2006 Action and for eliciting evidence of alleged corruption in City government at the Disciplinary Hearing.

Commissioner Carroll, the only individual defendant named in the instant action, is entitled to qualified immunity from suit because Poggioli cannot allege that any protected speech substantially motivated him to make an adverse employment decision. In the absence of a valid First Amendment claim, Poggioli's dependent selective prosecution claim also fails. As there is no basis for liability against Commissioner Carroll, the City is likewise entitled to summary judgment in its favor.

On November 14, 2007, after he commenced the 2006 Action and the instant action, Poggioli commenced a special proceeding, pursuant to Article 78 of the New York Civil Practice Law and Rules, in the Supreme Court of the State of New York, Westchester County, challenging his termination. Poggioli's Article 78 proceeding raises the same selective prosecution argument that he has raised, and is currently pursuing, in the 2006 Action and the present action. Under these circumstances, and in the event this Court does not grant summary judgment in favor of the Defendants, the Court should abstain from exercising its jurisdiction to hear Poggioli's selective prosecution claim.

### Facts and Procedural History

The 1994 Litigation

The factual predicate for the 2006 Action, and the substantive allegations contained therein, is a legal action initiated by Poggioli in 1994. On or about November

-2-

16, 1994, Poggioli commenced a federal lawsuit in this Court entitled *Poggioli v. Carroll, et al.*, 94 Civ. 8313 (BDP) (MDF) (the "1994 Action"). Rule 56.1 Statement, at ¶4. In the 1994 Action, Poggioli alleged a violation of his Fourth Amendment rights on the basis of a search of his departmental locker. *Id. at* ¶6. The case went to trial and a jury returned a verdict in Poggioli's favor. *Id. at* ¶7. The 1994 Action was thereafter settled. *Id.* at ¶9.

The 2006 Litigation

Poggioli commenced the 2006 Action on November 3, 2006. Rule 56.1 Statement, at ¶10. In the 2006 Action, Poggioli is challenging disciplinary charges preferred against him on May 19, 2005 (as defined above, the "Disciplinary Charges"). *Id. at* ¶11. The Disciplinary Charges alleged that Poggioli violated departmental rules and regulations by submitting a false application for compensation on a special-duty traffic assignment for Persico Construction Corporation (the "Persico Assignment"). *Id.* at ¶¶12-14. The charges alleged, in effect, that Poggioli claimed compensation for working during a time when he was not working, and then failed to cooperate with the Department's investigation of his false application for payment. *Id.; see also* Ex. E.

In the 2006 Action, Poggioli claims that preferring the Disciplinary Charges violated his First Amendment rights because they were brought in retaliation for his prior victory in the 1994 Action. Rule 56.1 Statement, at ¶15. Poggioli also alleges a parallel selective prosecution claim under the Fourteenth Amendment, contending that he was treated more harshly than other police officers because of the prior exercise of his First Amendment rights. *Id. at* ¶16.

On March 2, 2007, the defendants in the 2006 Action, including Carroll and the City, filed a motion for summary judgment on grounds of qualified and absolute immunity. Rule 56.1 Statement, at ¶17. On July 26, 2007, this Court (Brieant, J.) issued a Memorandum and Order which granted the motion as to defendant Sergeant Myron Joseph (finding he was entitled to qualified immunity), but otherwise denied the motion. *Id. at* ¶19. In ruling on the summary judgment motion, this Court found that "the evidence is overwhelming that [Poggioli] was in Police Headquarters until just after 1:00 PM [on April 20, 2005], and therefore could not have been on [the Persico] site at 12:00 as he claimed." *Id. at* ¶20. This Court further held that the 1994 Action was too remote in time to support a claim of First Amendment retaliation. *Id.* at ¶21.

On August 16, 2007, the remaining defendants in the 2006 Action filed a notice of appeal from the Court's July 26, 2007 Memorandum and Order. Rule 56.1 Statement, at ¶23. The appeal is currently pending before the United States Court of Appeals for the Second Circuit. *Id.* at ¶24.

The 2007 Litigation

Prior to the preferment of the Disciplinary Charges, Poggioli was offered discipline consisting of a 30-day suspension and a 6-month prohibition from taking special-duty assignments. Rule 56.1 Statement, at ¶26. Poggioli rejected the offer. *Id.* at ¶27. Thereafter, on May 19, 2005, Captain Kevin Kealy signed the Disciplinary Charges. *See* Ex. E. By letter dated July 18, 2005 and again by letter dated September 9, 2005, Commissioner Carroll appointed Robert J. Ponzini ("Ponzini") as the hearing officer to conduct the disciplinary proceedings. Rule 56.1 Statement, at ¶28. The Disciplinary Hearing commenced on December 15, 2005, and was held on eight separate dates

-4-

concluding on July 7, 2006. *Id.* at ¶30. Poggioli testified at the Disciplinary Hearing on March 9, 2006. *Id.* at ¶31; *see* Ex. I.

On April 24, 2007, after the motion for summary judgment in the 2006 Action was fully submitted, Hearing Officer Ponzini presented a Report and Recommendation in which he found that each of the charges preferred against Poggioli was sustained by substantial evidence. Rule 56.1 Statement at ¶32. On June 20, 2007, Ponzini issued a separate penalty recommendation in which he recommended termination as the appropriate penalty. *Id.* at ¶33. Poggioli was terminated from his employment with the City as of July 20, 2007. *Id.* at ¶34.

Poggioli filed the complaint in the instant action on July 24, 2007, four days after his termination. Rule 56.1 Statement, at ¶35. As in the 2006 Action, Poggioli claims herein a violation of his First and Fourteenth Amendment rights. *See* Ex. A. Regarding the First Amendment claim, Poggioli alleges that his termination was motivated by his "2006 filing and/or the substantive allegations contained in that complaint," and/or "evidence of corruption in the City's government, including its Court and Police Department, as adduced by [Poggioli] during the disciplinary proceeding." Complaint (Ex. A), at ¶9. Regarding the Fourteenth Amendment claim, Poggioli alleges that he has received stiffer disciplinary treatment than other allegedly similarly-situated members of the NRPD, and that Poggioli's harsher treatment was caused by the exercise of his First Amendment rights. *Id.* at ¶10.

The Article 78 Proceeding

On November 14, 2007, Poggioli initiated a special proceeding, pursuant to Article 78 of the New York Civil Practice Law and Rules, in the Supreme Court of the

State of New York, Westchester County. Rule 56.1 Statement, at ¶37. The fourth cause

of action in Poggioli's Article 78 petition claims that the "institution and prosecution of

the at-issue disciplinary charges was selective, resulting in an unlawful and/or

constitutionally infirm final administrative determination." Ex. N, at ¶17. Similarly,

Poggioli's fifth cause of action claims there was a "selective prosecution." *Id.* at ¶19.

**Argument**

**POINT I**

**COMMISSIONER CARROLL IS
ENTITLED TO QUALIFIED IMMUNITY**

"Qualified immunity shields public officials from liability for civil damages if

their actions were objectively reasonable, as evaluated in the context of legal rules that

were 'clearly established' at the time." *Poe v. Leonard,* 282 F.3d 123, 132 (2d Cir.

2002). As a threshold issue in evaluating qualified immunity, courts must determine

"whether, construing the facts most favorably to the plaintiff, 'the facts alleged show

[that] the [official's] conduct violated a constitutional right.'" *Id.* (quoting *Saucier v.

Katz,* 533 U.S. 194, 201 (2001)). Next, the court must determine whether that right was

clearly established. This second inquiry has been refined by case law, so that "a qualified

immunity defense is established when '(a) the defendant's action did not violate clearly

established law, or (b) it was objectively reasonable for the defendant to believe that his

action did not violate such law." *Id.* at 133 (quoting *Tierney v. Davidson,* 133 F.3d 189,

196 (2d Cir. 1998)). Under this formulation, a defendant is entitled to qualified immunity

as a matter of law if there was no violation of a clearly-established right or "'if the court

determines that the only conclusion a rational jury could reach is that reasonable [public

officials] would disagree about the legality of the defendant's conduct under the

-6-

circumstances.'" *Id.* (quoting *Lennon v. Miller,* 66 F.3d 416, 421 (2d Cir. 1995)).

In the instant case, Commissioner Carroll is entitled to qualified immunity because Poggioli cannot allege a constitutional violation of either his First or Fourteenth Amendment rights.

## A.    Poggioli Cannot Allege a Prima Facie First Amendment Retaliation Claim

To assert a First Amendment retaliation claim, a plaintiff must show that: "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment decision, so that it can be said that the plaintiff's speech was a motivating factor in the adverse employment action." *Cioffi v. Averill Park Central School Dist. Bd. of Ed.,* 444 F.3d 158, 162-63 (2d Cir. 2006).  Here, Poggioli's First Amendment claim fails because he cannot establish the requisite causal connection between allegedly protected speech and his termination, nor can he show speech on issues of public concern.

To establish the element of causation, "a plaintiff must show that the protected speech 'was a substantial motivating factor in the adverse employment action.'" *Cioffi,* 444 F.3d at 167 (quoting *Morris v. Lindau,* 196 F.3d 102, 110 (2d Cir. 1999)); *see also Cotarelo v. Sleepy Hollow Police Dep't,* 460 F.3d 247, 251 (2d Cir. 2006).  "This causal connection can be demonstrated by plaintiff indirectly by showing that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus." *Cobb v. Pozzi,* 363 F.3d 89, 108 (2d Cir. 2003) (internal quotes omitted).  In the Second Circuit, "an inference of causation is defeated . . . if the allegedly retaliatory discharge took place at a temporal remove from the protected

-7-

activity . . . ." *Tasadfoy v. Ruggiero,* 365 F. Supp.2d 542, 551 (S.D.N.Y. 2005); *see also*

*Burkybile v. Board of Educ. of the Hastings-on-Hudson Union Free School Dist.,* 411

F.3d 306 (2d Cir. 2005); *Bakos v. Cornell Coop. Extension of Schenectady County,* 252

F.3d 545, 554-555, and n.5 (2d Cir. 2001) (collecting cases); *Contes v. Porr,* 345 F.

Supp.2d 372, 383 (S.D.N.Y. 2004) (same).

Here, Poggioli claims his termination was caused by (i) his "2006 filing and/or the

substantive allegations contained in that complaint" and/or (ii) "[e]vidence of corruption

rampant in the City's government, including its Court and Police Department, as adduced

by Plaintiff during the disciplinary proceeding." Complaint (Ex. A), at ¶9. Both of these

claims are insufficient as a matter of law.

As noted above, the substantive allegation of the 2006 Action is that

Commissioner Carroll, and the other individual defendants in that action, were

"infuriated" over having lost the 1994 Action. Ex. D (2006 complaint). Poggioli asserts

that Carroll harbored resentment over this loss for an 11-year period, and then took

advantage of Poggioli's false application for overtime on the Persico Assignment in 2005

as the first opportunity to exact revenge. *Id.* at ¶¶10-11. This Court has already held that

Poggioli's 1994 Action was "too remote in time to provide a causal connection between it

and the preferring of disciplinary charges in 2005." Ex. G, at page 5.

Poggioli might attempt to rely on speeches he claims to have given during his

2000 to 2003 tenure as PBA president, but any such attempt would fail. First, the

complaint in the instant action does not allege that Poggioli's termination was caused,

directly or indirectly, by any such speeches. Ex. A. Rather, Poggioli's complaint in the

instant case makes reference to his "2006 filing," and attaches a copy of the original

-8-

complaint in the 2006 Action, which was signed October 13 and filed November 3, 2006. *Id.* This Court has already ruled that the original complaint in the 2006 Action failed to "specifically allege speech on matters of public concern during his tenure as PBA President." Ex. G, at page 5. Moreover, even if Poggioli had raised such allegations in the 2006 Action, the time-period between his last day as PBA President (December 31, 2003) and the date of his termination (July 20, 2007) is too long to support causation on a First Amendment Retaliation claim. *Burkybile, supra; Bakos; supra.*

Similarly, Poggioli cannot demonstrate that "evidence of corruption" adduced by him during the Disciplinary Hearing was a motivating cause for his termination. Poggioli was called as a witness by the charging party on March 9, 2006. He did not testify in his own defense. His testimony on the charging party's case was limited to questions concerning certain exhibits asking Poggioli whether he recognized himself on a video tape and his signature on certain documents. *See* Ex. I. Poggioli adduced no evidence of corruption during his testimony at the Disciplinary Hearing. *Id.* In addition, when asked at his deposition taken October 30, 2007 to detail the evidence of corruption referenced in his instant complaint, Poggioli only referenced attorney-client communications, which he refused to disclose, and information that "was mentioned" by unspecified others. Pog. Dep. (Ex. H), at 18:14-21:23. Poggioli did not himself detail information at the Disciplinary Hearing, nor was there any such evidence provided by any other witnesses. Ex. I.

Poggioli might argue that the filing of the 2006 lawsuit is close in time to his termination and thus raises an inference of retaliation. This argument would fail because the 2006 Action does not raise issues of public concern, but rather only Poggioli's own

-9-

personal grievance. A lawsuit designed to redress a single employee's personal grievance is not speech that can properly form the basis of a claim for First Amendment retaliation. *Ezekwo v. New York City Health & Hosp. Corp.,* 940 F.2d 775, 781 (2d Cir. 1981); *see Thorpe v. Luisi,* 2005 U.S. Dist. LEXIS 15996 (S.D.N.Y. Aug. 4, 2005); *Kantha v. Blue,* 262 F. Supp.2d 90, 101 (S.D.N.Y. 2003). Hence, regardless of when the 2006 was filed, it cannot support a First Amendment claim.

Since Poggioli cannot allege a *prima facie* claim for First Amendment retaliation, Commissioner Carroll is entitled to qualified immunity.

**B.     Poggioli Cannot Allege a Prima Facie Fourteenth Amendment Claim**

"To plead an Equal Protection claim for selective enforcement, plaintiff must prove: (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Yajure v. DiMarzo,* 130 F. Supp.2d 568, 572 (S.D.N.Y. 2001) (citing *Lisa's Party City, Inc. v. Town of Henrietta,* 185 F.3d 12, 16 (2d Cir. 1999)). In cases where relief is sought under both First Amendment retaliation and Fourteenth Amendment selective prosecution theories, and the facts and premises underlying such claims are the same, the Fourteenth Amendment claim is held to "coalesce" with the First Amendment claim, and its disposition will follow from the disposition of the retaliation claim brought under the First Amendment. *See African Trade & Information Center, Inc. v. Abromaitis,* 294 F.3d 355, 362-363 (2d Cir. 2002); *Reckson Operating Partnership, L.P. v. New York State Urban Dev. Corp.,* 2006 U.S. Dist LEXIS 49269, at *18-19 (S.D.N.Y. July 12, 2006).

-10-

Here, Poggioli's claim under the Fourteenth Amendment tracks, and is dependent upon, his First Amendment retaliation claim. Poggioli is not alleging merely that his termination was irrational. Rather, he is alleging that he was terminated impermissibly because of his prior exercise of his constitutional right of Freedom of Speech. *See* Complaint (Ex. A), at ¶¶14-15. Since Poggioli alleges the same retaliatory plan as the basis for both his First Amendment claim and his claim for selective prosecution under the Fourteenth Amendment, the two claims coalesce. *Reckson, supra.* Since Poggioli cannot allege a legally cognizable First Amendment retaliation claim, his Fourteenth Amendment claim also fails. *See Tasadfoy,* 365 F. Supp.2d at 551 ("The right in question [on the equal protection claim] is allegedly plaintiff's right to free speech. The failure of plaintiff to raise an issue of fact on her First Amendment retaliation claim is, in and of itself, fatal to her equal protection claim.").

Poggioli's Fourteenth Amendment claim also fails because he cannot demonstrate deliberate malicious intent or ill will on the part of Carroll, as required by *LeClair v. Saunders,* 627 F.2d 606, 608 (2d Cir. 1980). In this regard, Poggioli's conclusory testimony that Commissioner Carroll was unhappy over having lost the 1994 Action, and that Poggioli was a "thorn in his side," Poggioli Dep. (Ex. H), at 16:15-23, is immaterial. "If the motivation to punish is to secure compliance with agency objectives, then by definition the motivation is not spite, or malice, or a desire to get someone for reasons wholly unrelated to any legitimate [municipal] objective." *Bizzaro v. Miranda,* 394 F.3d 82, 87 (2d Cir. 2005) (internal cites omitted).

Here, as is not particularly surprising, the internal rules and regulations of the NRPD prohibit an officer from submitting a false request for overtime compensation.

-11-

Ex. E. Preferring and prosecuting disciplinary charges against Poggioli after he refused the Department's offer of discipline and upon concrete proof that he violated Departmental rules, does not show malice or ill will, but rather a motivation to secure compliance with these rules. Similarly, terminating Poggioli after the hearing officer found that the charges were sustained by substantial evidence and recommended termination as the appropriate penalty is an exercise in enforcing necessary discipline within the Department. Accordingly, Poggioli cannot establish the requisite malice or ill will to prevail upon a Fourteenth Amendment claim.

Poggioli also asserts, as part of his Fourteenth Amendment claim, that members of the NRPD "who wholesale violated and continue to violate the federal civil rights of the only Police Officer of Middle Eastern descent" have neither been the subject of disciplinary charges nor terminated. Complaint (Ex. A), at ¶10. But in his deposition, Poggioli admitted that he could not identify which police officer was allegedly responsible for this behavior. Poggioli Dep. (Ex. H), at 37-38. And to the extent Poggioli was referencing the claims in the separate action currently pending before this Court entitled *Alali v. Gazzola et al.,* 07 Civ. 1296 (CLB), the allegations in that case have not been proven and Poggioli should not be allowed to bootstrap a Fourteenth Amendment claim into the instant action by reference to mere allegations in another.

Even assuming that Poggioli could assert viable claims under the First and Fourteenth Amendments, which he cannot, Commissioner Carroll would still be entitled to qualified immunity because based on the overwhelming evidence that Poggioli in fact sought overtime compensation for work he did not perform, it would be objectively reasonable for Carroll to believe that Poggioli's termination did not violate any of his

-12-

constitutional rights. *See Szoke v. Carter,* 974 F. Supp. 360, 369 (S.D.N.Y. 1997); *Clinch*

*v. McKenna,* 1999 U.S. App. LEXIS 10785, at *8 (2d Cir. 1999).

     For the reasons set forth above, Commissioner Carroll is therefore entitled to

summary judgment on grounds of qualified immunity.  In the absence of a valid claim,

the City of New Rochelle is also entitled to summary judgment.

### POINT II

### THIS COURT SHOULD ABSTAIN
### FROM CONSIDERATION OF POGGIOLI'S
### SELECTIVE PROSECUTION CLAIM

     "When similar actions are concurrently pending in state and federal court, a

federal district court may, in the interests of judicial economy and sound judicial

administration, defer to the state action and abstain from exercising its jurisdiction."

*Bonato v. Big Brazil Found. Corp.,* 2007 U.S. Dist. LEXIS 26019, at *10 (S.D.N.Y. April

6, 2007), citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1,

12, 103 S. Ct. 927 (1983).  "This authority to dismiss a federal case in favor of a

concurrent state court action rests on 'considerations of wise judicial administration,

giving regard to conservation of judicial resources and comprehensive disposition of

litigation.'" *Id.,* quoting *Colorado River Water Conservation Dist. v. United States,* 424

U.S. 800, 817, 96 S. Ct. 1236 (1976) (internal quotation marks and citation omitted).

     In the instant case, Poggioli has raised a Fourteenth Amendment equal protection

claim in his state-court Article 78 proceeding, and he is litigating the identical claim in

the 2006 Action, as well as in the present case.  While this Court is duty bound to

exercise jurisdiction over claims properly before it, where, as here, the exercise of such

jurisdiction could lead to duplicative litigation and the possibility of inconsistent rulings

-13-

on the same issue from two different courts, abstention is appropriate. *See Bonato,* 2007 U.S. Dist. LEXIS, at \*12-13.

Therefore, even if this Court does not grant summary judgment on grounds of qualified immunity, it should abstain from ruling on Poggioli's Fourteenth Amendment claim based on selective prosecution.

## Conclusion

For the reasons set forth above, this Court should grant summary judgment in favor of Commissioner Carroll and the City of New Rochelle.

Dated:  White Plains, New York
       December 13, 2007

                  WILSON, ELSER, MOSKOWITZ,
                  EDELMAN & DICKER LLP
                  Attorneys for Defendants

                  By:  Lalit K. Loomba (LL-9755)

                  3 Gannett Drive
                  White Plains, NY  10604
                  (914) 323-7000
                  File No. 07367.00065

-14-