UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH POGGIOLI,

                            Plaintiff,

         - against -

PATRICK CARROLL, individually; CITY OF
NEW ROCHELLE, NEW YORK,

                            Defendants.
-----------------------------------------------------------x

07 Civ. 6674 (CLB)

*Memorandum and Order*

Brieant, J.

      Before this Court for resolution in this civil rights litigation is a Motion for Summary Judgment by Defendants (Doc. 9). The motion was heard on January 25, 2008 and fully submitted for decision.

      Plaintiff at relevant times was a member of the New Rochelle City Police Department. He was terminated after an evidentiary hearing at which disciplinary charges were sustained against him for conduct tantamount to larceny. The Report and Recommendation of the hearing examiner was issued on April 24, 2007 and in a subsequent report, the hearing officer recommended termination as the appropriate penalty. This was done and Officer Poggioli has an Article 78 Proceeding which remains undecided by the New York State Courts. Any findings or resolutions made by this Court in this action are without prejudice to the power of the Supreme Court to order reinstatement or other relief in that proceeding.

      Plaintiff alleges that he was terminated under circumstances constituting retaliation for

the exercise of his Constitutional rights and as a result of selective prosecution in violation of his First and Fourteenth Amendments rights.  He alleges in particularity that he was terminated in retaliation for making the substantive allegations contained in a 2006 lawsuit in this Court and for eliciting and remarking upon instances of corruption in City Government in the course of defending at the disciplinary hearing.

Commissioner Carroll, the only individual defendant named in the case, asserts his right to Qualified Immunity and the City also seeks summary judgment in its favor.

Subsequent to the filing of this case, the Court granted Summary Judgment to Defendants in the 2006 action.

This Court agrees that Commissioner Carroll is entitled to Qualified Immunity because his actions in connection with the institution and prosecution of the disciplinary charges were objectively reasonable.  In this case, Plaintiff cannot establish causal connection between protected speech and his termination, nor does he show recent speech on issues of public concern.  The lapse of time is so great that no reasonable juror could conclude that the protected speech which is now being relied upon was a substantial motivating factor in the adverse employment action.  *Cioffi v. Averill Park Central School District,* 444 F.3d 158, 162-63 (2d Cir. 2006); *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999); *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2003).  (Claimed retaliatory discharge took place at a temporal remove from the protected speech.)

The speech relied upon to defeat this motion is the 2006 filing itself and the allegations contained in that Complaint as well as "evidence of corruption rampant in the City's Government including its Court and Police Department, as adduced by Plaintiff during the disciplinary proceeding." (Compl. at 9).

As to the first point, the assertion is that Commissioner Carroll harbored resentment over having lost the 1994 action, that he did so for an eleven year period and then took advantage of Plaintiff's false application to be paid for overtime employment in which he did not engage (the *Persico Assignment* in 2005) as the first opportunity to retaliate at exact revenge.  This Court has already held that the 1994 action was too remote in time to sustain a causal connection between it and the disciplinary charges filed in 2005 and this conclusion is supported by authoritative Second Circuit cases previously cited.  The Complaint in this case does not allege the determination was caused directly or indirectly by speeches claimed to have been given during Plaintiff's service as President of the PBA in 2000 and 2003.  These would likewise be too stale.  The motion is granted.  The Clerk shall file a final judgment and terminate all motions pending as of March 31, 2008.

X

X

SO ORDERED.

Dated: White Plains, New York
       March 31, 2008

                                                    Charles L. Brieant, U.S.D.J.