UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH A. POGGIOLI,

                    Plaintiff,                07 CV 6674 (CLB)

    -against-

PATRICK J. CARROLL, individually, and
the CITY OF NEW ROCHELLE, New York,

                    Defendants.
------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDEDRATION**


                                                  LOVETT & GOULD, LLP
                                                  Attorneys for Plaintiff
                                                  222 Bloomingdale Road
                                                  White Plains, New York 10605
                                                  (914) 428-8401

## PRELIMINARY STATEMENT

Defendants Patrick J. Carroll and the City of New Rochelle moved for summary judgment following Plaintiff Joseph Poggioli's deposition on qualified immunity pursuant to the Court's Scheduling Order.[1] By Memorandum and Order dated March 31, 2008, and entered the same day, the Court granted the Defendant Carroll qualified immunity and also dismissed the Complaint in its entirety against the City of New Rochelle.

Plaintiff now moves, pursuant to Local Civil Rule 6.3, for reconsideration of that Memorandum and Order on the ground that the Court overlooked key facts that, if considered, would alter the Court's previous factual conclusions.

## ARGUMENT

### POINT I

### PLAINTIFF CAN MEET THE STRINGENT STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION

Plaintiff recognizes that the standards for granting a motion for reconsideration are "strict" and that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2nd Cir. 1995) citing Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990) and Adams v. United States, 686 F.Supp. 417, 418 (S.D.N.Y. 1988).

Cognizant of these standards, Plaintiff respectfully submits that the Court did in fact inadvertently overlook key facts and arguments which, "had they been considered, might have reasonably altered the result before the Court" which result is memorialized in the Court's

---

[1] As Plaintiff previously advised the Court, Defendants did so in violation of the Court's October 5, 2007 order which provides that "[t]he motion shall, in the absence of agreement of counsel, be limited to the issue of qualified immunity."

1

Memorandum and Order dated October 30, 2007. *See* Klickads, Inc. v. Real Estate Board of New York, 2007 WL 2981422 (S.D.N.Y. 2007).

## POINT II

### THE COURT'S FINDING THAT IT HAD GRANTED SUMMARY JUDGMENT TO DEFENDANTS IN THE 2006 ACTION WAS AN ERROR

In its March 31, 2008 Memorandum and Order, the Court concluded that "[s]ubsequent to filing of this case, the Court granted Summary Judgment to Defendants" in the earlier action (3/31/08 Memorandum and Order). On July 26, 2007, the Court denied summary judgment to Defendants in the 2006 action (See annexed Decision).[2] Instead the Court granted Plaintiff's application for leave to file a First Amended Complaint which Plaintiff filed on about August 24, 2007.

Two days before this Court's decision in the 2006 action, Plaintiff filed a second action -- the instant case on July 24, 2007 relating to his termination on July 20, 2007.

Pursuant to this Court granting Plaintiff's application for leave to amend, Plaintiff then amended his 2006 Complaint, wherein he made additional allegations concerning First Amendment activity, including:

> 13. Plaintiff also engaged in protected activities while he was the President of the Police Benevolent Association (PBA) during the period from January 1, 2001 through December 31, 2003, which was known by Defendants, including expressing concern that:
>
> a. Antiquated police equipment posed a substantial risk to the safety of members of Police Department and to the public; and
>
> b. The shortage of manpower in the Police Department presented a substantial danger to the members of the Police Department and to the public.

---

[2] The Court granted summary judgment only as to Defendant Myron Joseph. The Court denied summary judgment to the remaining individual Defendants and the City of New Rochelle.

      14.    Plaintiff continued to raise concern regarding the issues referenced in the preceding paragraph "13" after his tenure as PBA President had ended, which was known to Defendants until the termination of his employment in or about July 20, 2007 – the subject of a related Court filing [Poggioli v. Carroll, 07 Civ. 6674(CLB)].

(Poggioli v. Carroll, 06 Civ. 12893 First Amended Complaint, Exhibit 2).[3]

## POINT III

### THE COURT'S DECISION OVERLOOKED PLAINTIFF'S APPLICATION SEEKING LEAVE TO AMEND THE 2007 COMPLAINT

In opposing the Defendants' motion on qualified immunity in the 2007 action, Plaintiff also sought leave to amend the complaint to add the very allegations which the Court permitted Plaintiff to amend in the 2006 action in addition to allegations concerning his Fourteenth Amendment selective treatment claim. However, in the March 31, 2008 decision, the Court did not address Plaintiff's application for leave to amend or consider whether the allegations contained in Plaintiff's Proposed First Amended Complaint would eliminate the causation deficiencies the Court found in its decision granting summary judgment to Defendants in this case. Instead, the Court held that "[t]his Complaint in this case does not allege the determination was caused directly or indirectly by speeches claimed to have been given during Plaintiff's service as President of the PBA in 2000 and 2003. This would likewise been too stale." In short, the Court did not reach any decision on Plaintiff's application for leave to amend or determine whether the proposed complaint would eliminate what it viewed as causation deficiencies.

In relevant respect, Plaintiff sought to amend the complaint to include the following allegations:

---

[3] All references to exhibits are those annexed to the Affirmation of Drita Nicaj, dated December 21, 2007, which was previously submitted in opposition to the Defendants' original motion for summary judgment on qualified immunity.

3

      7.     Plaintiff also engaged in protected activities while he was the President of the Police Benevolent Association (PBA) during the period from January 1, 2001 through December 31, 2003, which was known by Defendants, including expressing concern that:

      a. Antiquated police equipment posed a substantial risk to the safety of members of Police Department and to the public; and

      b. The shortage of manpower in the Police Department presented a substantial danger to the members of the Police Department and to the public.

      8.     Plaintiff continued to raise concern regarding the issues referenced in the preceding paragraph "7" after his tenure as PBA President had ended, which was known to Defendants until July 20, 2007 as referenced *infra*.

      \*      \*      \*      \*

      11. On July 20, 2007, Defendants in writing terminated Plaintiff's employment, a termination that was motivated in whole and/or substantial respect by:

      a. Plaintiff's 2006 filing and/or the substantive allegations contained in that complaint;

      b. Evidence of corruption rampant in the City's government, including its Court and Police Department, as adduced by Plaintiff during the disciplinary proceeding as presided over by Ponzini; and/or

      c. Plaintiff's expressions of concern referenced in paragraph "7" and "8" *supra*.

(Proposed First Amended Complaint, Exhibit 1).

In short, the Court overlooked Plaintiff's proposed First Amended Complaint containing the foregoing allegations, which clearly would have obviated the Court's view that Plaintiff's speech was "too stale" given that Plaintiff had communicated on matters of public until his July 20, 2007 termination.

In connection with a Rule 15(a) application, leave to serve an amended complaint should be "freely granted" [Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)("In exercising its discretion the district court is required to heed the command of Rule 15(a) to grant leave to amend 'freely...when justice so requires.'"); Oliver Schools Inc., v. Foley, 930 F.2d 248, 252 (2d

4

Cir. 1991); Goss v. Revlon, 548 F.2d 405, 407 (2d Cir. 1976)] absent a compelling reason such as "undue delay, bad faith or dilatory motive on the part of the movant" [Stats Trading Corp. of India v. Assuranceforenginger Skuld, 921 F.2d 409, 417 (2d Cir. 1990); Acito v. Imcera Group, Inc., 47 F.3d 47, 54 (2d Cir. 1995)] or "undu[e] prejudice [to] the opposing party". S.S. Silberblatt, Inc., v. East Harlem Pilot, 608 F.2d 28, 42 (2d Cir. 1979). Indeed, leave to amend a complaint under Rule 15(a) "should normally be granted". Nerney v. Valente, 66 F.3d 25, 28 (2d Cir. 1995).

Here the proposed First Amended Complaint amply sets forth valid First Amendment and Fourteenth Amendment claims. Moreover, in view of the fact that it is alleged that Plaintiff engaged in the foregoing protected activities up until the adverse action -- termination here, causation is clearly established.

For causation may be established three different ways: 1) by showing that the protected activity was followed closely by discriminatory treatment; 2) disparate treatment of fellow employees; or 3) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant. Gordon v. New York City Board of Education, 232 F.3d 111, 117 (2d Cir. 2000); *see also* Sumner v. United States Postal Service, 899 F.2d 203, 209 (2nd Cir. 1990).

## CONCLUSION

For the reasons set forth *supra*, Plaintiff respectfully requests that the Court reconsider its March 31, 2008 decision and reinstate the Complaint as against the Defendants.

Dated: White Plains, New York
April 11, 2008

                                       LOVETT & GOULD LLP
                                       By: _____
                                       Drita Nicaj (DN 0966)
                                       Attorneys for Plaintiff
                                       222 Bloomingdale Road
                                       White Plains, New York 10605
                                       914-428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOSEPH A. POGGIOLI,

                    Plaintiff,                        06 Civ. 12893 (CLB)

      - against -                           *Memorandum and Order*

ANTHONY MURPHY, Individually;
KEVIN KEALY, Individually;
PATRICK J. CARROLL, Individually;
MYRON JOSEPH, Individually;
CITY OF NEW ROCHELLE, N.Y.,

                    Defendants.
------------------------------------------------------x
Brieant, J.

      Before the Court in this First and Fourteenth Amendment civil rights action (for First Amendment retaliation and denial of equal protection) is a Motion for Summary Judgment (Doc. 11) based on absolute immunity and/or qualified immunity.

      Plaintiff complains that the qualified immunity motion was filed properly in accordance with the Court's Scheduling Order, but that it is premature because although Plaintiff was deposed, Plaintiff has not conducted reasonable discovery, including depositions of the Individual Defendants. This argument is of no avail, since the Court's resolution of the motion assumes the truthfulness of the Plaintiff's deposition testimony, except to the extent, if any, of facial absurdity.

*Background*

1

Plaintiff was at relevant times a police officer for the City of New Rochelle ("the City"). Defendant Anthony Murphy served at relevant times as Deputy Commissioner of Police. Defendant Kevin Kealy was employed at relevant times as a Police Captain in the City. Defendant Patrick J. Carroll was at relevant times the Commissioner of Police of the City of New Rochelle, which is also sued as the employer. Defendant Myron Joseph was a Police Sergeant assigned to the Traffic Division.

In 1994, Plaintiff successfully sued two of the current Defendants, Commissioner Carroll and Deputy Commissioner Murphy (then a police Captain of New Rochelle), for Fourth Amendment civil rights violations, including breaking into his departmental locker and reviewing privileged notes from a meeting with his PBA attorney. In November 1996, he received a jury verdict of $155,000, of which the punitive damages were set aside as excessive, and a new trial ordered after Plaintiff declined to reduce them (94 civ 8313 (BDP)). *Meisels Aff. Exh. C.* The parties thereafter settled for an agreed payment understood to be in the neighborhood of $100,000.00.

On the morning of April 20, 2005, Plaintiff was called at his home and asked if he wanted to fill a special-duty detail for a private entity Persico Construction, at which he would direct traffic around a construction project at the intersection of Webster and Coligni Avenues in New Rochelle. He responded that he would. At some point on April 20, 2005, Defendant Sergeant Joseph received one or more telephone messages complaining about the traffic conditions at the intersection of Webster and Coligni, and at about 2:15 PM, he went to inspect

2

the intersection, observed that construction had ceased, and he spoke to the foreman. The foreman told Joseph that Plaintiff did not arrive at the site until after 1:00 PM. Joseph checked the special assignment duty log for April 20, 2005, and noted that Poggoli signed out at 12:00 Noon, and he informed Captain Kealy, first orally, and later by memorandum.

Captain Kealy preferred disciplinary charges against Plaintiff for having wrongfully sought and received compensation in the amount of $67.00 for an off-duty assignment. The charges dated May 19, 2005, were for Six Counts of Misconduct stemming from Plaintiff's submission of an overtime request in which he claimed to have worked from 12:00 noon until 3:30 PM on April 20, 2005, on the special police detail at the Persico construction site in New Rochelle; the evidence is overwhelming that Plaintiff was in Police Headquarters until just after 1:00 PM that day, and therefore could not have been on site at 12:00 as he claimed. Defendants note that after submitting a false claim, Plaintiff refused to acknowledge the falsity and refused an offer to accept discipline (30 day suspension without pay and a 6-month suspension from special-duty details), in settlement of the charges.

Hearings were conducted from December 2005 through July 2006. On April 24, 2007, Hearing Officer Robert Ponzini presented a Report and Recommendation to Captain Kevin Kealy, in which he found that Plaintiff did not start working on that detail until some time after 1:00 PM. He found that the allegations in the six counts were sustained by substantial evidence. On July 25, 2007, Plaintiff was discharged from his employment by the City.

3

Plaintiff claims that the disciplinary charges were brought to retaliate against him for bringing the 1994 lawsuit, and proposes to amend his Complaint, also to claim retaliation for giving speeches before the New Rochelle City Council when he served as PBA president, as recently as 2004. He also claims that other officers who have committed similar or worse offenses have not been treated as severely by being brought up on disciplinary charges. Plaintiff claims that the Defendants harbored intent to retaliate against Plaintiff for more than a decade and that they waited for the right set of circumstances to do so. *Oppos. at 11*.

Defendants claim that absolute immunity attaches to officers who report wrongdoing, initiate disciplinary hearings or testify at such hearings. While this is so, the Court declines to rule on the issue of absolute immunity, since as Plaintiff correctly points out, the scheduling order filed January 5, 2007 states that the qualified immunity motion "shall, in the absence of agreement of counsel, be limited to the issue of qualified immunity." *Scheduling Order at 1*.

Defendants alternatively claim that they are protected by qualified immunity, that Plaintiff cannot show that any protected speech activity substantially motivated the Defendants to make an adverse employment decision, nor that he was treated worse than any other police officer similarly situated.

*Qualified Immunity*

A public official is entitled to qualified immunity for acts taken in his or her official capacity, unless those acts violated clearly established Constitutional rights of which an

4

objectively reasonable official would have been aware. *See Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211-12 (2nd Cir. 2003). The analysis is three-part. First, the Court must decide whether the plaintiff has alleged a violation of a Constitutional right. Second, the right alleged must have been clearly established at the time of the violation. Finally, the official will receive immunity if his or her actions were objectively reasonable. *Id. at 212.* Accepting plaintiffs' version of the facts as true, if a reasonable official would have believed that he or she was not violating plaintiffs' Constitutional rights, the Court should find qualified immunity. *See Bizzarro v. Miranda et. al.*, 394 F.3d 82, 86 (2nd Cir. 2005). "If plaintiffs' version of the facts reveals that the officials could reasonably have believed they were not violating plaintiffs' constitutional rights, [a] district court should [grant a] motion for summary judgment." *Id.* at 86.

Qualified immunity protects defendant Joseph who had a duty to report the result of his investigation, and did so truthfully. He was not a decision maker with respect to the alleged retaliation. Based on his receipt of the messages regarding the construction site traffic problems, his follow up and report to the Captain were reasonable and it was objectively reasonable for him to believe that in doing so he was not violating Plaintiff's clearly established constitutional rights. Accordingly, the motion for summary judgment as to Defendant Joseph is granted.

As for First Amendment retaliation, Plaintiff's 1994 action in federal court is too remote in time to provide a causal connection between it and the preferring of disciplinary charges in 2005. Plaintiff did not specifically allege speech on matters of public concern during his tenure as PBA President ending December 31, 2004, but seeks leave to so amend the Complaint. In his

5

deposition, Plaintiff testified:

> Numerous times as PBA president I publicly went on television, radio, and in front of city council chambers and criticized the police department, police commissioner, for numerous things during contract negotiations, labor disputes, problems within the police department. It was public, it was aired on television on several stations, radio stations, in the paper, through the citizens, council chambers.

*Poggioli p. 72.*

Plaintiff does not make a proffer as to what the content of his public speech was. Leave to amend the Complaint to do so is granted. However, any such allegations must reflect discussion of matters of public concern, and must be close in time to the alleged retaliation.

*Unequal Treatment and Selective Prosecution*

The Complaint alleges that the City has not held other employees accountable for other types of offenses such as a Clerk's Office employee selling drugs and the City Marshal who is an attorney, using public property and resources to run a private law practice. Such individuals are not similarly situated for purposes of Plaintiff's equal protection claim, but in his disciplinary hearings and depositions, he claimed that he and another officer, Officer Young, had previously submitted overtime sheets for work from 9:00AM to 6:00 PM, when they worked only from about 9:15 to 5:45.....and in his deposition, Plaintiff claimed that Officers Colotti, Pitsel and Vasquez were paid for off-duty work which they didn't perform.

This Court concludes that as to the individual Defendants other than Myron Joseph, the issue of qualified immunity is too fact intensive to be resolved on the present record, and must

6

await a trial.

Plaintiff may serve and file and amended complaint within thirty (30) days, if so advised, which may set forth any First Amendment protected statements made by Plaintiff in his work as PBA President, relied on as a motive for retaliation, and also to allege instances of unequal treatment or selective prosecution, which will be relied on.

The Court declines to make the finding contemplated by Rule 54(b) Fed.R.Civ.P. at this time.

A status conference with counsel shall be held on October 26, 2007, which conference shall also extend to *Poggioli v. Carroll*, 07 Civ. 6674.

X

            X

                      X

                            X

SO ORDERED.

7

Dated: White Plains, New York
July 26, 2007

                                                                */s/ Charles L. Brieant*
                                                              Charles L. Brieant, U.S.D.J.