UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH POGGIOLI,

                              Plaintiff,
                                                                    07 Civ. 6674 (CLB)
              - against -
                                                                    *Memorandum and Order*

PATRICK CARROLL, individually; CITY OF
NEW ROCHELLE, NEW YORK,

                              Defendants.
-----------------------------------------------------------x
Brieant, J.

        Before this Court in this civil rights litigation is a motion for reconsideration (Doc. 20).

The motion was filed on April 11, 2008. Motion returnable May 9, 2008, however such motions

are not normally subject to oral argument.


        This is one of two related actions filed by this Plaintiff.  The first such action was

commenced on November 30, 2006, against Defendants Anthony Murphy, Kevin Kealy, Patrick

J. Carroll, Myron Joseph, and the City of New Rochelle, alleging that these Defendants violated

Plaintiff's First and Fourteen Amendment rights, pursuant to 42 U.S.C. § 1983, by filing

disciplinary charges against Plaintiff (Docket No. 06-12893, hereinafter "*Pogggioli I*").  On

March 2, 2007, Defendants moved for summary judgment on the basis of qualified immunity and

in an order dated July 27, 2007, the Court granted summary judgment as to Defendant Joseph,

but denied as to all other Defendants holding that, as to those Defendants, the issue of qualified

immunity was too fact intensive to be resolved on the record at that time.  Further, the Court

permitted the filing of an Amended Complaint to set forth any First Amendment protected

statements made by Plaintiff in his work as PBA President which were relied on as a motive for

retaliation. On August 24, 2007, Plaintiff filed his Amended Complaint, wherein he included

additional allegations concerning the First Amendment claim. Specifically, Plaintiff included

that:

> 13.Plaintiff also engaged in protected activities while he was the President
> of the Police Benevolent Association (PBA) during the period from January 1,
> 2001 through December 31, 2003, which was known by Defendants, including
> expressing concern that:
>
> a. Antiquated police equipment posed a substantial risk to the safety of
> members of the Police Department and to the public; and
>
> b. The shortage of manpower in the Police Department presented a
> substantial danger to the members of the Police Department and to the public.
>
> 14. Plaintiff continued to raise concern regarding the issues referenced in
> the preceding paragraph [] after his tenure as PBA President had ended, which
> was known to Defendants until the termination of his employment in or about
> July 20, 2007 – the subject of a related Court filing [Poggioli v. Carroll, 07 Civ.
> 6674 (CLB)].

(*Poggioli v. Carroll*, 06 Civ. 12893 (CLB), Am. Compl. ¶¶ 13-14.)


On July 24, 2007, three days before the Court entered the Order in *Poggioli I*, Plaintiff

commenced a second, related action against Patrick J. Carroll and the City of New Rochelle

again alleging violations of his First and Fourteen Amendment rights, pursuant to 42 U.S.C.

§1983, this time based on termination of his employment from the City of New Rochelle Police

Department, as a result of an investigation of the disciplinary charges filed against him in 2006

(hereinafter referred to as "*Poggioli II*"). On December 13, 2007, Defendants moved for

summary judgment, and on March 31, 2008, the Court granted summary judgment in favor of all

Defendants, holding that Defendant Police Commissioner Carroll was entitled to qualified

immunity and that there lacked a causal connection between Plaintiff's protected speech, including a lawsuit filed over a decade prior against the New Rochelle Police Department and Commissioner Carroll, and his termination, due to the great length of time between these two events. Additionally, the Court pointed out that, although the Complaint failed to allege that "the determination was caused directly or indirectly by speeches claimed to have been given during Plaintiff's service as President of the PBA in 2000 and 2003[, t]hese would likewise be too stale."

Plaintiff now moves this Court for reconsideration of its Order granting summary judgment in *Poggioli II*, in favor of all Defendants, on the basis that "the Court...overlooked key facts and arguments which...might have reasonably altered the result." (Pl. Br. at 1.) Specifically, Plaintiff points to the fact that in its March 31, 2008 Order, the Court stated that "the Court granted Summary Judgment to Defendants in the 2006 action," when in fact, the Court only granted summary judgment as to one Defendant, denied as to the others and permitted Plaintiff to file an Amended Complaint. The Court notes this apparent error, however such a misstatement of the procedural background of a separate action, which stands on its own facts, has no controlling force over the outcome reached in this action, and as such, is not a ground on which reconsideration will be granted.

Plaintiff's next asserts that the Court's Order overlooked Plaintiff's application for leave to amend the complaint in *Poggioli II* to include "the very allegations which the Court permitted Plaintiff to amend in [*Poggioli I*]." (Pl. Br. at 3.) In his motion papers, Plaintiff sets forth the

specific allegations to be included in such an amended complaint, which the Court has previously outlined above. In addition to that stated *supra*, Plaintiff sought to include a conclusory allegation that Defendants' written termination of Plaintiff, dated July 20, 2007 "was motivated in whole and/or substantial respect by:

> a. Plaintiff's 2006 filing and/or the substantive allegations contained in that complaint;
>
> b. Evidence of corruption rampant in the City's government, including its Court and Police Department, as adduced by Plaintiff during the disciplinary proceeding as presided over by Ponzini; and/or
>
> c. Plaintiff's expression of concern referenced in paragraphs *supra*.

(Pl. Br. at 4.) Instead of waiting for the filing of an Amended Pleading, followed by a motion, because the Plaintiff has specifically set forth what allegations are to be included in the any Amended Complaint, the Court takes the allegations as pleaded, and reviews *de novo*.

The new allegations claimed do not change the conclusion reached by the Court in the March 31, 2008 Memorandum and Order. As the Court stated in that Order, the speeches claimed to have been given during Plaintiff's service as President of the PBA in 2000 and 2003, are too stale to give rise to a causal connection between any such speeches and the disciplinary charges filed in 2005, or the ultimate July 20, 2007 termination of employment. Plaintiff cannot show that his protected speech was a "substantially motivating factor in the adverse employment action." *Cioffi v. Averill Park Central School District,* 444 F.3d 158, 167 (2d Cir. 2006). As stated in the Court's earlier Order, the time period between the last day Plaintiff served as PBA president and the date of his termination in July 2007 cannot support the requisite causal element necessary for a First Amendment Retaliation claim.

4

*Conclusion*

Reconsideration is granted and the Court adheres to its prior order of March 31, 2008, granting summary judgment in favor of all Defendants.

X

X

X

X

X

X

X

SO ORDERED.
Dated: White Plains, New York
      April 16, 2008

_Charles L. Brieant_
Charles L. Brieant, U.S.D.J.